## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK NELSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-11576 |
| JEFFREY M. HULL, VALERIE GINGRICH, JOHN SPAULDING, GREGORY BENDEL, KEVIN CAIRA, JONATHAN EATON, JOMARIE F. O'MAHONY, GARY DEPALMA, MICHAEL J. WOODS, PAUL ALUNNI, MARIE LARIVEE and TOWN OF WILMINGTON, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

CASPER, J.                                                                 March 17, 2021

### I.      Introduction

Plaintiff Mark Nelson ("Nelson") has filed this lawsuit against the Town of Wilmington (the "Town") and eleven of its officials and employees ("Defendants") alleging negligence and/or wrongful conduct under Mass. Gen. L. c. 258 (Count I), seeking declaratory judgment (Count II), and bringing claims for fraud (Count III), intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V), defamation (Count VI), violation of the Massachusetts Civil Rights Act ("MCRA") (Count VII), violation of his right to equal protection (Count VIII) and violations of his Fifth and Fourteenth Amendment right to due process pursuant

to 42 U.S.C. § 1983 (Count IX).  D. 1-1.  Nelson also seeks injunctive relief (Count X).  Id. Defendants have moved to dismiss.  D. 6.  For the reasons stated below, the Court ALLOWS the motion.

## II.    Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

## III.    Factual Background

The Court accepts the facts alleged in the complaint, D. 1-1, as true for the purposes of considering the motion to dismiss.  Since the complaint runs some fifty-one pages, and as discussed below, repeats claims previously made in prior lawsuits, the Court addresses the allegations in connection with the analysis of the pending motion to dismiss below.  In sum, however, Nelson challenges the actions of Defendants that allegedly impeded his family's use and development of their land in the Town.

**IV.     Procedural History**

Nelson has initiated several lawsuits against Town and Town officials prior to the current suit.  In 2006, Nelson filed suit against the Town and Town officials in the Middlesex Superior Court, <u>Nelson v. Town of Wilmington, et al.</u>, C.A. No. 2006-CV-04347 (Super. Ct.).  Nelson alleged therein that Defendants "conspired over the previous seventeen years to prevent Nelson from obtaining building permits and approvals necessary to build housing for his family and from thereby obtaining income."  D. 7-1 at 4.  Nelson also asserted claims for libel, slander, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of the MCRA.  D. 7-1 at 6-10.  The Superior Court granted Defendants' motion for summary judgment and denied Nelson's motion for leave to amend the complaint to add claims for violations of his First, Fifth and Fourteenth Amendment rights.  <u>Id.</u>at 10.  Nelson then pursued another action in 2012, again in Middlesex Superior Court, against the Town, two Defendants named in the current action, Spaulding and Hull, and four other Town officials.  <u>Nelson v. Spaulding, et al.</u>, C.A. No. 2012-4873 (Super. Ct.).  D. 7-2 at 3.  The 2012 action sought judicial review of the November 14, 2012 decision of the State Building Code Appeals Board, affirming the Town Building Inspector's denial of an Occupancy Permit.  <u>Id.</u> at 4.  The Superior Court granted Defendants' judgment on the pleadings as to the Mass. Gen. L.  c. 30A, § 14A appeal and dismissed Nelson's tort and civil rights claims.  D. 7-3 at 2.  Then, in 2014, Nelson filed another suit against the Town and several individual defendants in <u>Nelson v. Hamilton, et al.</u>, C.A. No. 2014-0428 (Super. Ct.).  D. 7-4.  The action concerned the development of lots in Wilmington that were on roads not shown on the official town map.  <u>Id.</u> at 2.  Nelson alleged Defendants continuously interfered with and prevented the development and sale of Nelson's land.  <u>Id.</u>  The Middlesex Superior Court granted Defendants' motion to dismiss, this time for reasons including *res judicata* and failure to comply

with Mass. R. Civ. P. 8(a).  D. 7 at 6.  The Appeals Court affirmed the dismissal in <u>Nelson v. Hamilton</u>, 87 Mass. App. Ct. 1127 (2015).  <u>Id.</u>

Nelson instituted this action on July 4, 2020 in Middlesex Superior Court.  D. 1-1. Defendants removed the case to this Court on August 24, 2020, D. 1, and then moved to dismiss. D. 6.  The Court heard the parties on the pending motion to dismiss (and Nelson's motion to remand, D. 11, which the Court has since denied, D. 23) and took the matter under advisement. D. 20.

## V.     Discussion

### A.     <u>Res Judicata</u>

A claim is precluded under *res judicata* if there is "(1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits."  <u>Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.</u>, 181 F.3d 174, 177 (1st Cir. 1999).  "The necessary identity will be found to exist if both sets of claims—those asserted in the earlier action and those asserted in the subsequent action—derive from a common nucleus of operative facts."  <u>Gonzalez v. Banco Cent. Corp.</u>, 27 F.3d 751, 755 (1st Cir. 1994).  "Claim preclusion applies only where the parties to the claim in the second suit were all parties to, or have sufficient legal identity to one of the parties in, the first litigation."  <u>Laverty v. Massad</u>, 661 F. Supp. 2d 55, 63 (D. Mass. 2009).

To assert *res judicata*, 'sufficient identity' must exist between the parties in the earlier and later suits.  <u>United States v. Raytheon Co.</u>, 334 F. Supp. 3d 519, 524 (D. Mass. 2018) (citing <u>United States v. Cunan</u>, 156 F.3d 110, 114 (1st Cir. 1998)).  Here, Nelson previously filed suit against Defendants the Town, Hull and Spaulding in <u>Nelson v. Spaulding, et al.</u>, Middlesex Super. Ct. C.A. No. 2012-4873 and <u>Nelson v. Hamilton, et al.</u>, Middlesex Super Ct. C.A. No. 2014-0428.

4

Now, Nelson again files suit against the Town, Spaulding and Hull, as well as number of other municipal employees, including the Director of Planning & Conservation, the Town's Building Inspector, members of the Board of Selectmen, the Superintendent of the Department of Public Works and Superintendent of Streets, the Town Engineer, the Senior Clerk of the Building Inspector's Office and the Clerk for the Board of Appeals.  D. 1-1 at 2.  The Court concludes the common identity between the parties as employees of the Town involved in Nelson's application process is adequate to meet the demands of 'sufficient identity' for *res judicata* purposes.

To determine whether an original and a later claim have 'sufficient identity,' the Court applies a transactional approach, "which extinguishes subsequent claims with respect to all or any part of the 'transaction, or series of connected transactions, out of which the action arose.'" Raytheon Co., 334 F. Supp. 3d at 524-25 (quoting Cunan, 156 F.3d at 114).  Here, Nelson's claims in his current and prior litigations relate to the same events—the Town and its employees allegedly interfering with and/or preventing the development and sale of his land.  The Defendants named here are accused of the same conspiracy as those in prior suits.  More specifically, in the present suit, Nelson alleges "defendants continuously interfered with and prevented the development and sale of the plaintiff's residentially zoned land through a concerted campaign to harass, intimidate and abuse the plaintiff."  D. 1-1 at 3; see D. 7.2 at 4 (complaint, 2012-4873) (same language); D. 7-4 at 3 (complaint, 2014-00428) (same language).  Accordingly, as this pending suit invokes similar, and in some counts, the same claims with respect to the Town and the same permit process, *res judicata* has been satisfied and the motion to dismiss will be allowed as to all claims, including but not limited to all of the claims previously asserted such as declaratory judgment (Count II), fraud (Count III), intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V),  the MCRA claim (Count VII) and violation of equal protection

rights (Count VIII).  See D. 7-1 (issuing Memorandum and Order on defendants' motion for summary judgment (Dec. 20, 2007)) (addressing Nelson's multi-count action for libel, slander, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of Mass. Gen. L. c. 12, § 11I and the MCRA); D. 7-3 (Memorandum of Decision, Nelson v. Spaulding, et al., C.A. No. 2012-04873 (Super. Ct. Apr. 3, 2014)) (allowing motion for judgment on the pleadings as to Nelson's multi-count action against the Town, State Building Code Appeals Board, and numerous state and municipal employees seeking declaratory judgment and injunctive relief and alleging fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, Mass. Gen. L. c. 12, §§ 11H & 11I and violation of equal protection).

**B.**     **Rule 12(b)(6) Analysis**

As discussed above, the Court concludes that all of Nelson's claims are barred by *res judicata*.  To the extent that there is any argument that there is not sufficient identity between the claims he asserts here that he did not assert in the prior lawsuits, the Court also addresses those claims as to the Rule 12(b)(6) challenge.

When a plaintiff is *pro se*, the Court must apply a liberal reading to the complaint.  Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780-DJC, 2016 U.S. Dist. LEXIS 32507, at *2 (D. Mass. Mar. 14, 2016) (citing Green v. Com. of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985)).  A *pro se* plaintiff, however, must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim."  Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).  Even under a liberal reading of the complaint, the Court concludes that Nelson has failed to state a claim upon which relief can be granted for all remaining counts, as follows.

1.    *Mass. Gen. L. c. 258 (Count I)*

Nelson alleges that Defendants are liable for injuries suffered due to negligent or wrongful acts or omissions by public employees.  D. 1-1 ¶¶ 182-186.  He claims the Town and its employees 'blocked' the sale of several of Nelson's properties, costing him and his family over $570,000.  Id. The Massachusetts Tort Claims Act ("MTCA") provides the exclusive remedy for injuries allegedly caused by the negligent acts or omissions of municipal employees.  Mass. Gen. L. c. 258, § 2.  The MTCA provides that, "[p]ublic employers shall be liable for injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances."  Mass. Gen. L. c. 258, § 2.

Here, Nelson's complaint fails to allege what acts Defendants committed or failed to commit that caused Nelson's injury.  Reviewing his complaint in the most favorable light, even assuming that Nelson is addressing his allegation that Defendants "block[ed] the sale" of his properties by failing or refusing to issue building and occupancy permits, D. 1-1 ¶¶ 184-86, Defendants are immune from such claims pursuant to Mass. Gen. L. c. 258, § 10(e), which covers "any claim based upon the issuance, denial, suspension or revocation or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization." Mass. Gen. L. c. 258 § 10(e); see, e.g., Andrade v. City of Somerville, 92 Mass. App. Ct. 425, 429 (2017) (granting motion to dismiss where "complaint is 'rooted in' the department's licensing function").  "If the gravamen of a plaintiff's complaint can be traced back to any or more of the types of events or activities delineated in § 10(e), then the action is barred."  Andrade, 92 Mass. App. Ct. at 429 (internal quotation marks and citation omitted).  Nelson claims the Town and its employees 'block[ed]' the sale of his property by refusing to grant Nelson several permits—

specifically a building permit, occupancy permit or foundation-only permit for his properties.  As such actions fall under Mass. Gen. L. c. 258, § 10, the Court concludes Nelson's negligence claims fail as Town and individual Town employees are immune from suit.

>    2.    *Defamation (Count VI)*

Nelson claims Hull, the Town Manager, made a defamatory and slanderous statement against Nelson at a 2017 Town Meeting, when Hull said, "when Mr. Nelson complies with the requirements of development, then we will accommodate him, but there have been a number of legal cases that he has pursued against the town, and that's about as far as I can go."  D. 1-1 at ¶ 209.  "Defamation is the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt."  North Shore Pharmacy Servs., Inc. v. Breslin Associates Consulting LLC, 491 F. Supp. 2d 111, 124 (D. Mass. 2007) (quoting Correllas v. Viveiros, 410 Mass. 314, 319 (1991)) (internal quotation marks omitted).  "A false statement that 'would tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community' is considered defamatory."  Phelan v. May Dep't Stores Co., 443 Mass. 52, 56 (2004) (quoting Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975)).

Merely alleging that Hull made a statement regarding the propriety of Nelson's conduct "does not give [Defendants] fair notice of the factual basis for Plaintiff's defamation claim," nor does this vague allegation "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Grant v. Target Corp., 126 F. Supp. 3d 183, 192 (D. Mass. 2015) (quoting Wood v. Moss, 572 U.S. 744, 757 (2014)).  Nelson alleges no facts from which one could reasonably infer that Hull's statement was false or defamatory.  Even as alleged and assuming the allegation is true, the statement communicates that Hull was willing to approve

Nelson's application once requirements were met.  Nelson provides no factual allegation from which to infer this was untrue.  Hull's statement also conveys that Nelson had pursued several lawsuits against the Town, which Nelson admits in the complaint and is a matter of public record. D. 1-1 ¶ 139 (noting that Nelson and his family have filed over fifty-five appeals of decisions made by various Town authorities).  Without any factual allegation from which the Court can infer that the quoted statement is false or held Nelson up to any public scorn, Nelson fails to state a claim for defamation pursuant to Rule 12(b)(6).

### 3.    *Civil Rights Violations Pursuant to 42 U.S.C. § 1983 (Count IX)*

#### a)    Statute of Limitations

Nelson claims Defendants' actions violated his Fifth and Fourteenth Amendment rights by restricting his right to due process and his right to use private property.  "As a general principle, section 1983 claims accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based."  Tomaselli v. Beaulieu, 967 F. Supp. 2d 423, 440 (D. Mass. 2013), aff'd, No. 13-2218 (1st Cir. Dec. 16, 2014) (quoting Markrero–Gutierrez v. Molina, 491 F.3d 1, 5-6 (1st Cir. 2007)) (internal quotation marks omitted).  "A claimant is deemed to 'know' or 'learn' of a discriminatory act at the time of the act itself and not at the point that the harmful consequences are felt."  Id.  Nelson fails to specify from which alleged action(s) by Defendants his Section 1983 claims arise.  Assuming, however, that his due process claims pertain to the Appeals Court affirming the State Building Code Appeals Board's decision to not issue a certificate of occupancy for one of Nelson's properties on April 9, 2015, Nelson's claim is barred by the statute of limitations.  As alleged conduct in Massachusetts, claims brought under § 1983 are subject to a three-year statute of limitations.  Thomas v. Town of Salisbury, 134 F. Supp. 3d 633, 644 (D. Mass. 2015) (citing Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (noting that when

adjudicating claims pursuant to § 1983, a federal court "ordinarily must borrow the forum state's limitation period governing personal injury causes of action")). Accordingly, Nelson's due process claims stemming from this hearing, which occurred over three years ago, are time-barred.

> b)   Procedural Due Process Claims

Even if such claim was not time-barred, Nelson fails to state a plausible claim for violation of procedural due process. To establish a procedural due process claim under Section 1983, "a plaintiff must first prove that he has a property interest as defined by state law and, second, that Defendants, acting under color of state law, deprived him of that property interest without a constitutionally adequate process." McLeod-Lopez v. Algarin, 603 F. Supp. 2d 330, 339 (D.P.R. 2009). To substantiate a procedural due process claim based on the deprivation of a property interest, "[t]he plaintiff must identify a legitimate claim of entitlement to the property in question." Bos. Exec. Helicopters, LLC v. Maguire, 196 F. Supp. 3d 134, 143 (D. Mass. 2016) (quoting Davis v. Coakley, 802 F.3d 128, 134 (1st Cir. 2015)) (internal quotation marks omitted). "For this purpose, an abstract need or desire or a unilateral expectation are not sufficient to cement a constitutionally protected interest." Id. Property interests are created by state law, not the Constitution. Zaroogian v. Town of Narragansett, No. CIV.A. 88-0178B, 1988 WL 148434, at *4 (D.R.I. Sept. 29, 1988) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)).

"[I]n suits relating to applications or renewals of state-issued permits or licenses (which may be memorialized in contracts with the state), Massachusetts courts have held that, if the state actor retains discretion to grant or withhold the permit or license, there is no protected property interest." Caesars Massachusetts Mgmt. Co., LLC v. Crosby, 778 F.3d 327, 333-34 (1st Cir. 2015) (citing Roslindale Motor Sales, Inc. v. Police Comm'r, 405 Mass. 79, 81 (1989); R.V.H., Third, Inc. v. State Lottery Comm'n, 47 Mass. App. Ct. 712, 715 (1999); accord KES Brockton, Inc. v.

Dep't of Pub. Utils., 416 Mass. 158, 165 (1993)).  Accordingly, the Court concludes Nelson does not have a property interest in the issuance of a building permit, occupancy permit or foundation-only permit for his properties, as the State Building Code Appeals Board retained the discretion to grant or withhold such a permit.

Even assuming Nelson had plausibly alleged a property interest in the issuance of said permits, he additionally fails to point to any inadequate process.  To assess what process was provided and whether it was constitutionally adequate, the Court "examine[s] the procedural safeguards built into the statutory or administrative procedure . . . effecting the deprivation, and any remedies for erroneous deprivations provided by statute or [ ] law."  Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994) (quoting Zinermon v. Burch, 494 U.S. 113, 126 (1990)).  Where a state has "provided reasonable remedies to rectify a legal error by a local administrative body . . . due process has been provided . . . ."  Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 832 n.9 (1982); see Zinermon, 494 U.S. at 126 (noting that "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not compete unless and until the State fails to provide due process"); see, e.g., Porcaro v. Town of Hopkinton, No. 96-CV-5438, 2001 WL 34387909, at *7 (Mass. Super. May 22, 2001); Lovequist v. Conservation Comm'n of Town of Dennis, 379 Mass. 7, 17 (1979).

Here, even the complaint points to several opportunities Nelson has had to seek review of the denial of his applications, as well as opportunities he had to speak before the Town Board. See, e.g., D. 1-1 ¶¶ 97-98, 110, 112.  While Nelson alleges in one instance that the Town wrongfully withheld a constructive approval he was entitled to under Mass. Gen. L. c. 40A, § 15, id. ¶¶ 155-168, "the application was not constructively approved" and "the town clerk had no duty to execute any constructive approval certificate."  Neli Ridge, LLC v. Town Clerk of Wilmington,

93 Mass. App. Ct. 1109, 2018 WL 2073798, at *3 (2018) (ordering a declaration that no constructive approval occurred of Nelson's trust's application to remove the relevant provision from the Zoning Board of Appeals' 2008 grant of relief and that the trust is not entitled to any such certificate).  Beyond his allegations regarding the constructive approval, Nelson does not claim any available remedies under Massachusetts or federal law were inadequate to redress any deprivation that may have resulted from the Town or its officials' actions.  He fails to allege that the Board of Appeals or any other entity failed to give him constitutionally adequate process. Moreover, Nelson frequently availed himself of the administrative and judicial remedies available to him, via both appeals to the Zoning Board of Appeals and the state Land Court.  See, e.g., D. 1-1 ¶¶ 150, 168-69;  Rumford Pharmacy, Inc. v. City of E. Providence, 970 F.2d 996, 1000 (1st Cir. 1992) (concluding that "dismissal of appellant's procedural due process claim was proper, absent either allegations or discussion, let alone citation to authority, as to the unavailability of constitutionally adequate state law remedies").  Accordingly, the Court grants Defendants' motion to dismiss on Nelson's procedural due process claim.

c)    Substantive Due Process Claims

Turning to Nelson's substantive due process claims, which are similarly unclear, the Court again concludes that Nelson has failed to state a claim.  "[S]ubstantive due process ensures that [a state proceeding which results in a deprivation of property] is not arbitrary and capricious." Licari, 22 F. 3d at 347.  It prevents the "'abuse of government power that shocks the conscience,' or 'action that is . . . not sufficiently keyed to any legitimate state interests.'"  PFZ Props., Inc. v. Rodriguez, 928 F.2d 28, 31-32 (1st Cir.1991), overruled on other grounds by San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá, 687 F.3d 465 (1st Cir. 2012) (quoting Nicaragua v. Reagan, 859 F.2d 929, 943 (D.C. Cir. 1988)).  Although the First Circuit routinely rejects "substantive due

process claims in the zoning and land-use contexts, it has 'left the door slightly ajar for federal relief in truly horrendous situations.'" Brockton Power LLC v. City of Brockton, 948 F. Supp. 2d 48, 69 (D. Mass. 2013) (quoting Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992) (noting that a claim "will not lie for a 'run-of-the-mill dispute between a developer and a town official,' but attaches only in a truly 'conscience-shocking situation'")); see Bos. Exec. Helicopters, LLC v. Maguire, 196 F. Supp. 3d 134, 143 (D. Mass. 2016).  To state a substantive due process claim in the land-use context, "a plaintiff must allege 'fundamental procedural irregularity, racial animus, or the like," or violation of "a fundamental principle.'" Brockton Power LLC, 948 F. Supp 2d at 69 (quoting Clark v. Boscher, 514 F.3d 107, 113 (1st Cir. 2008)).  While the First Circuit acknowledges its "various incantations" of the substantive due process standard, it is "satisfied that, before a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking." Mongeau v. City of Marlborough, 492 F.3d 14, 19 (1st Cir. 2007) (quoting Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990)) (internal quotation marks omitted).

Here, it remains unclear what Nelson alleges violated his substantive due process rights. No action as alleged by Nelson, however, including an alleged "sue me" statement, D. 1-1 ¶ 55, or an alleged request for police to oversee the February 18, 2003 meeting with Nelson, id. ¶ 57, is in any way 'conscious-shocking.'  Nelson additionally fails to allege any inadequacies in the hearings themselves, beyond indicating that Town officials require additional training or are not properly educated, D. 1-1 ¶ 190, which again fails to meet the standard required for a substantive due process violation.  See Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield By & Through Rainville, 719 F. Supp. 75, 81 (D.R.I. 1989), aff'd sub nom., Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield, 907 F.2d 239 (1st Cir. 1990) (noting that the

13

court's inquiry as to whether substantive due process is satisfied is limited to "whether the rationality of [the Board's] judgment is 'at least debatable'").  Accordingly, the Court allows Defendants' motion to dismiss as to Nelson's procedural and substantive due process claims, Count IX.[1]

### 4.    *Taking Without Just Compensation*

Nelson does not explicitly allege a taking without just compensation claim.  However, his civil action cover sheet describes the action as one for "civil rights, land taking, tort, fraud."  D. 1-1 at 121.  Accordingly, given Nelson's *pro se* status and in the interest  of completeness, the Court addresses the claim as follows.

The takings clause of the Fifth Amendment (which applies to the states through the Fourteenth Amendment) prohibits the taking of private property for public use without just compensation.  Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536 (2005); see Bos. Taxi Owners Ass'n, Inc. v. City of Bos., 180 F. Supp. 3d 108, 116 (D. Mass. 2016).  A regulatory taking transpires when some significant restriction is placed upon an owner's use of his property for which "justice and fairness" require that compensation be given.  Philip Morris, Inc. v. Reilly, 312 F.3d 24, 33 (1st Cir. 2002) (citing Goldblatt v. Hempstead, 369 U.S. 590, 594 (1962)).  "For the most part, courts apply a three-part 'ad hoc, factual inquiry' to evaluate whether a regulatory taking has occurred:  (1) what is the economic impact of the regulation; (2) whether the government action interferes with reasonable investment-backed expectations; and (3) what is the character of the government action."  Id.  (citing Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978)).

---

[1] Given the Court's ruling and the grounds for same, the Court does not reach Defendants' other grounds for dismissal, including arguments pertaining to Fed. R. Civ. P. 8, qualified immunity and inadequate service.  D. 7 at 3-4, 17-18, 28.

Nelson alleges that the Town interfered with the sale and purchase of his properties and breached agreements that caused substantial financial losses.  D. 1-1 at 2.  Nelson fails to specify how the Town interfered in these sales beyond denying Nelson's permit applications.  He also fails to specify what agreements were breached.  Even if he had, however, property may be lawfully regulated so long as the regulation does not go too far.  Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1014 (1992).  There is no specific formula as to when a regulation goes too far, the main two categories are when a regulation "compel[s] the property owner to suffer a physical 'invasion' of his property" and when the regulation "denies all economically beneficial or productive use of land."  Id. at 1015; see Melo-Tone Vending, Inc. v. United States, 666 F.2d 687, 689 (1st Cir. 1981) (noting that "[n]ot every governmental act which interferes with, impairs, or ultimately destroys property rights constitutes a taking of property for which compensation is due under the fifth amendment").

Turning to the Penn Central factors, while Nelson alleges that the Town's actions caused some economic impact, even a "substantial diminution in the value" as a result of Town regulations "does not create a right of compensation."  W.R. Grace & Co.-Conn. v. Cambridge City Council, 56 Mass. App. Ct. 559, 575 (2002).  The Court concludes, even as alleged, that there was not a reasonable expectation the government would approve Nelson's permit or occupancy applications, as such processes inherently involve the chance of denial.  Moreover, with respect to the third factor, the character of Defendants' actions was to regulate the use of land and ensure safety. Accordingly, to the extent that Nelson presses a taking claim, it also has not been plausibly alleged.

### C.    Injunctive Relief and Declaratory Judgment

In the complaint, Nelson also sees injunctive relief prohibiting Defendants Hull, Gingrich and Spaulding from having any further involvement in Nelson's property or pending litigation, D.

1-1 ¶¶ 223-229, and declaratory judgment as to all rights, liabilities and obligations of the parties,

id. at 52.   Given the dismissal of the claims above, these requests for relief also fail.

**VI.**   **Conclusion**

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 7.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge
